388 So.2d 737 (1980)
Leroy JONES et ux.
v.
The CITY OF BATON ROUGE-PARISH OF EAST BATON ROUGE.
No. 66480.
Supreme Court of Louisiana.
September 3, 1980.
*738 Walter G. Monsour, Jr., Parish Atty., Frank J. Gremillion, J. Dawson Gasquet, Asst. Parish Attys., for defendant-applicant.
Joel B. Dickinson, Joel B. Dickinson & Associates, Baton Rouge, for plaintiffs-respondents.
DIXON, Chief Justice.
On a summer morning in 1977, plaintiffs were on their way to a church meeting when Mr. Jones stopped their car so that his wife could mail a letter. While he waited in the car, Mrs. Jones crossed the street to the mailbox at the opposite corner. As she began to return to the car by walking from the sidewalk back into the street, she stepped across the cover of a catch-basin. The cover suddenly gave way beneath her and she fell into the catch-basin, where the cover pinned her against its side.
Plaintiffs sued the City of Baton Rouge and East Baton Rouge Parish for damages sustained as a result of the accident. The trial court dismissed their suit, but the Court of Appeal reversed, awarding damages to plaintiffs. 376 So.2d 1003 (La.App. 1979). We granted writs to review that ruling.
*739 At trial, plaintiffs were unable to produce any evidence that negligent acts or omissions on the part of defendants' employees had caused the collapse of the cover. The doctrine of res ipsa loquitur could not be employed to provide an inference of negligence because the catch-basin cover, located as it was on a public street, was not under the exclusive control of defendants' employees. Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.L.Rev. 70 (1941); Annotation, 174 A.L.R. 608 (1948). The trial court noted that defendants' liability might also be predicated on a different form of negligence, reasoning that they had a duty to correct the dangerous situation presented by the improperly positioned or broken cover,[1] even if this danger had originally been created by third parties. However, a municipality has a duty to correct a dangerous street or highway condition where that condition was not actually caused by the negligence of its own employees  only if it has actual or constructive notice of the existence of the condition. Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975). Because plaintiffs could prove neither that defendants had actual or constructive notice of the dangerous condition, nor that defendants' employees caused the condition, they could not hold defendants liable on the ground of negligence.
The Court of Appeal approached the issue of defendants' liability from a different perspective. In Langlois v. Allied Chemical Corp., 249 So.2d 133 (La.1971), we observed that negligence is only one form of the "fault" for which C.C. 2315 assigns the responsibility to respond in damages, and we indicated that article 2315 must be read in conjunction with certain other code articles which impose liability on other grounds, that is, for constructions, for activities, and by virtue of relationships. In Holland v. Buckley, 305 So.2d 113 (La.1974), we held that article 2321 allocates liability for the unreasonable risk of harm created by an animal to the owner of the animal, and that this liability is derived from the legal obligation established by the fact of ownership, not from any negligent conduct. In Turner v. Bucher, 308 So.2d 270 (La.1975), we extended this concept of legal fault, that is, fault without negligence, to the relationship between parents and their minor children, under article 2318. In Loescher v. Parr, 324 So.2d 441, 446 (La.1976), we found that article 2317[2] provides for the same type of "strict" liability on the part of an owner or custodian, for damages caused by things in his custody, and we described the legal foundation for this liability in the following terms:
"When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others."
Because the responsibility for preventing the unreasonable risk of injury to others is unconditional, the injured party seeking damages under article 2317 need not prove that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defectthat is, that it occasioned an unreasonable risk of injury to anotherand that his injury was caused by the defect. Loescher v. Parr, supra, at 446-447; Verlander, Article 2317 Liability: An *740 Analysis of Louisiana Jurisprudence Since Loescher v. Parr, 25 Loyola L.Rev. 263 (1979).
The issue presented by the Court of Appeal's application of article 2317 to the facts of this case is whether municipalities and other public bodies may be held liable for damages caused by things in their custody. The First Circuit had already found 2317 applicable in two prior cases[3] but in Gallien v. Commercial Union Ins. Co., 353 So.2d 1127 (La.App.1977), in the context of a fact situation almost identical to the one presented here, the Third Circuit found that article 2317 was inapplicable. The Court of Appeal based that determination on "the long line of jurisprudence to the effect that actual or constructive notice to a public body is a prerequisite to its tort liability." 353 So.2d at 1130.
This statement of the law says both too little and too much. Proof of notice of the defect is indeed required when a plaintiff contends that a public body was negligent, either by virtue of specific conduct of its employees which created the dangerous situation (which is itself construed as notice), or by virtue of its failure to correct a dangerous condition caused by others. But, as we have demonstrated, negligence is only one of the footings on which the codal structure of tort liability rests. Where delictual responsibility is based not on negligence but on legal fault, under article 2317, a public body's knowledge of the existence of the danger is irrelevant. Liability is a consequence of the fact of ownership and custody in itself, not of the breach of a duty.
In Gallien, the Court of Appeal also indicated that public bodies should not be subjected to liability under article 2317 because their vast operations and extensive property ownership would lead to "chaotic results." However, Article 12, § 10 of the 1974 Constitution states that "[n]either the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property." It is not the function of the courts to create an exception to this unequivocal constitutional rejection of the doctrine of sovereign immunity.
The only remaining question is whether the proofs required for the application of article 2317 have been made. From the testimony of defendants' employees, it is clear that the catch-basin and its cover were in the care or custody of the defendants; other testimony shows that the cover's defect was the cause of plaintiffs' damages. It is also obvious that the cover was defective, in the sense that the risk of falling four or five feet into a catch-basin as a result of stepping upon a presumably solid, firm metal surface is unreasonable. Once these elements are proved, the custodian can escape liability only by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Loescher v. Parr, supra. Because none of these defenses was proved, defendants are liable for plaintiffs' damages.
For the reasons stated, the judgment of the Court of Appeal is affirmed, at defendants' cost.
BLANCHE, J., dissents.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I dissented in Loescher v. Parr, 324 So.2d 441 (La.1975), because I considered La.Civ. Code art. 2317 was intended by the redactors of the Civil Code of 1825 to be a transitional article, rather than an autonomous rule of civil liability. Loescher nevertheless interpreted art. 2317 as creating an autonomous rule of civil liability applicable to private things in defendant's custody. Even assuming Loescher to be a proper interpretation of the law, however, I do not think the redactors ever intended art. 2317 *741 to apply to public things, see La.Civ.Code arts. 448-453, such as the catch-basin in the instant case. In my view, this extension of Loescher is unwarranted. Accordingly, I respectfully dissent.
NOTES
[1] Plaintiffs' theory of the actual cause for the cover's collapse was that it had been improperly positioned on the shelf on which it was meant to rest, while defendants' evidence tended to show that the cover was cracked or broken.
[2] C.C. 2317 provides, in pertinent part:

"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody....
[3] Durbin v. City of Baton Rouge, 366 So.2d 1020 (La.App.1978); American Road Ins. Co. v. Montgomery, 354 So.2d 656 (La.App.1978).