394 So.2d 751 (1981)
Walter M. GODWIN, Plaintiff-Appellee,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Defendants-Appellants.
No. 8052.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1981.
*752 William J. Doran, Jr., Baton Rouge, for defendants-appellants.
Hall, Lestage & Lestage, David R. Lestage and David W. Burton, DeRidder, for plaintiff-appellee.
*753 Before CULPEPPER, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
This case is one of two tort actions based upon common facts which were consolidated for trial in the interest of judicial expediency. The cases remain consolidated on appeal and we this day render a separate decision in the companion case entitled Bettye F. Godwin v. Louisiana Department of Transportation and Development et al., 394 So.2d 761, our docket number 8053.
Plaintiffs, Walter M. Godwin, individually, as administrator of the estate of Kevin Kent Godwin and as head and master of the community of acquets and gains existing between Mrs. Bettye F. Godwin and himself, and Bettye F. Godwin filed separate tort actions against several defendants, including the Louisiana Department of Transportation and Development (hereafter the Department) for damages sustained by Mrs. Godwin and her minor son, Kevin Kent, as a result of an automobile-tree collision allegedly caused by the negligence of the Department. Bettye F. Godwin filed suit against the Department and the Allen Parish Police Jury. Walter M. Godwin filed suit against the Department, the Allen Parish Police Jury, and Government Employees Insurance Company (hereafter GEICO), the liability insurer of the Godwin vehicle, alleging negligence on the part of the Department, the Police Jury, and Mrs. Godwin. The Allen Parish Police Jury was dismissed as a defendant in both suits upon a showing that the highway on which the accident occurred was a part of the state highway system. In addition, GEICO was dismissed from the suit filed by Mr. Godwin after that company settled his claims prior to trial. Subsequently, plaintiff, Walter M. Godwin, amended his petition withdrawing all allegations of negligence pertaining to his wife, Mrs. Bettye F. Godwin. Thus, at the time of trial, the only remaining defendant before the court was the Department. The trial court rendered judgment in favor of the plaintiffs in both suits. In the suit which bears our docket number 8052 judgment was rendered against the Department and in favor of Walter M. Goodwin, individually, as head and master of the community of acquets and gains existing between him and Bettye F. Godwin, and as Administrator of the estate of his minor son, Kevin Kent, in the total sum of $30,846.00, which sum was in said judgment itemized as follows:

(a) automobile damage ................$ 100.00
(b) medical expenses for treatment
 of Bettye F. Godwin .............. 3152.54
(c) medical expenses for treatment
 of Kevin Kent Godwin ............. 2593.46
(d) personal damages for Kevin Kent
 Godwin ........................... 25,000.00

In the companion matter, which bears our docket number 8053, judgment was rendered against the Department and in favor of Bettye F. Godwin, in the sum of $25,-000.00.
The Department appeals the decisions of the lower court in both cases. Plaintiff, Walter M. Godwin, has answered defendant's appeal requesting that the lower court's award of $25,000.00 for the personal injuries of plaintiff's minor son be increased to $125,000.00. Bettye Godwin neither appealed nor answered the appeal of the Department.
The facts, as disclosed by the evidence adduced at trial, are as follows:
On October 25, 1977, Bettye F. Godwin was travelling west on Louisiana Highway 112 near (approximately 1.3 miles west) Elizabeth, Louisiana in Allen Parish. In the furtherance of a community mission, Mrs. Godwin was operating the family vehicle which was also occupied by her minor son, Kevin Kent Godwin.[1] Highway 112 is a two-lane blacktop road which may best be described as a "farm to market" road. As Mrs. Godwin was proceeding in a westerly direction, for some undetermined reason, she allowed the right wheels of her vehicle *754 to leave the pavement and travel upon the shoulder of the highway. Upon attempting to steer her automobile back onto the paved surface, Mrs. Godwin lost control of her vehicle, traversed the highway and struck a tree located near the left side of the highway. The automobile-tree collision resulted in serious bodily injuries to both Mrs. Godwin and her son, Kevin, as well as totally destroying her vehicle.
According to documentary evidence in the record and the testimony of area residents the travel portion of La. Highway 112 was resurfaced on two separate occasions during the year 1977. Although these witnesses were not certain as to when the resurfacing operations occurred, the documentary evidence confirms that both operations took place prior to the accident. According to the record, the first overlay was completed on April 15, 1977 and the second was completed on September 26, 1977. Documents introduced at trial indicate that in each of these operations two inches of asphalt were added to the surface of the highway and sand, clay, and gravel were added to the nonpaved shoulders. The shoulders were then reshaped and packed. The trial record leaves some doubt as to whether the same portion of Highway 112 was resurfaced on two separate occasions. However, it is clear that the area where the accident occurred was resurfaced during the September, 1977 operation.
According to the testimony of L.V. Marcantel, the Department employee in charge of restoring the shoulders of the road in connection with the September, 1977 project, material was added and the shoulders of the road were restored, reshaped and packed level with the paved surface. Trooper E.J. McGee, who investigated the accident, testified that he usually inspected the roadway, including the shoulder area, at the site of any accident investigated by him and would note in his report any defects in the main traveled portion as well as "the shoulder to see if there's any drop-offs, any holes on the shoulder and such as that". Trooper McGee indicated further that although he had no specific recollection of his inspection of the roadway, his report reflected the finding of no defects. He later testified under cross-examination that there existed no drop-offs between the roadway and shoulder at the time of the accident.
In contrast with the testimony of McGee and Marcantel and the documentary evidence introduced by the Department, is the testimony of several area residents and the plaintiffs themselves. These witnesses, although uncertain as to whether or not the shoulders of the road were restored and reshaped following the resurfacing, testified with positivity that at no time before or after the resurfacing operations were the shoulders of the highway brought to the level of the traveled portion. Rather, each witness testified that at all times there existed a serious drop-off between the roadway and its shoulders.
The learned trial judge, in his written reasons for judgment, recognized this serious factual dispute stating:
"Pit-run material was indeed spread upon the shoulders following the overlay. To what elevation in relation to the adjacent blacktop and to what degree of solidity and smoothness this buildup occurred is the crux of the cases."
The trial court resolved this serious factual dispute in favor of the plaintiffs concluding that the shoulders of La. Highway 112 were not restored and reshaped following the overlay projects to a point level with the adjacent travel portion. The trial court concluded that at the time of the accident there existed an elevational difference between the travel portion of the roadway and its shoulders which varied from two (2) to three (3) inches with a "minimum of two (2) inches or more." Our careful review of the record reveals no manifest error in this factual determination, therefore, we accept, for purposes of this appeal, the conclusion that a drop-off between the paved surface of La. Highway 112 and its shoulder, to the extent set forth above, did in fact exist at the time of the accident. See Canter v. Koehring Company, 283 So.2d 716 (La.1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
*755 NEGLIGENCE OF THE DEPARTMENT
The functions and duties of the Department are defined in LSA-R.S. 48:21(A) which provides in pertinent part:
"The functions of the department shall be to study, administer, construct, improve, maintain, repair, and regulate the use of public transportation systems and to perform such other functions with regard to public highways, roads, and other transportation related facilities as may be conferred on the department by applicable law."
In Laborde v. Louisiana Department of Highways, 300 So.2d 579 (La.App. 3rd Cir. 1974), writ refused, 303 So.2d 182 (La.1974), our court defined the duty owed by the Department to the motoring public. In the cited case we stated:
"The Department of Highways is not responsible for every accident which occurs on state highways. It is not a guarantor of the safety of travelers thereon, or an insurer against all injury or damage which may result from defects in the highway. The duty of the Department of Highways is only to see that state highways are reasonably safe for persons exercising ordinary care and reasonable prudence."
The duty of the Department to maintain public highways includes the duty to maintain the shoulders of the highways. Watson v. Morrison, 340 So.2d 588 (La.App. 1st Cir. 1976), application denied, 341 So.2d 1134 (La.1977), writ denied, 342 So.2d 218 (La.1977). The Laborde court also discussed the proof necessary in order for liability to attach to the Department for damages sustained on our state's highways. The court commented:
"The department is liable for damages only when it is shown (1) that the hazardous condition complained of was patently or obviously dangerous to a reasonably careful and ordinarily prudent driver, and (2) that the department had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it. Dupre v. Louisiana Department of Highways, 154 So.2d 579 (La.App. 3d Cir. 1963); Mistich v. Matthaei, 277 So.2d 239 (La.App. 4th Cir. 1973); St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273 (1964)."
Considering the foregoing we find no manifest or clear error in the trial court's conclusion that the condition of the shoulder of Louisiana Highway 112 at the point and time of plaintiffs' accident was patently dangerous to a reasonably prudent driver, which circumstance constituted a breach of the Department's duty to maintain the state's highways and roads in a reasonably safe condition.
The trial court, in its written reasons, concluded that the Department had either actual or constructive notice of the defective condition of the roadway, although it failed to specify when or how the Department received such notice. Be that as it may, we find that since the shoulders of the roadway were never restructured to the level of the paved surface following the resurfacing of the travel portion, the Department obviously had notice of the defect. In any event, were we to conclude otherwise, liability would still attach under Civil Code Article 2317, absent proof of an available defense, as explained more fully hereafter.
In actions based on a negligence theory of recovery (LSA-C.C. Article 2315), the plaintiff has the burden of proving that the defendant's negligence was a cause-in-fact of the plaintiff's injuries. In Sinitiere v. Lavergne, 391 So.2d 821 (La.1980), the Louisiana Supreme Court addressed a fact situation not unlike the case at bar. In Lavergne, supra, the driver of a van inadvertently ran off the highway onto its shoulder. Upon attempting to return to the pavement, the driver lost control of his vehicle and struck an oncoming car killing its two occupants. The defect in the highway was the same as in the instant case (although the extent of the defect was greater), specifically, an elevational difference between the travel portion of the highway and its shoulders. The Court noted that the application of the "but-for" analysis resulted in the Department's negligence being a *756 cause-in-fact of the accident. Justice Blanche writing for the Court stated:
"Using a `but-for' test to determine cause-in-fact clearly results in a finding that the accident would not have resulted had the road shoulder been substantially even with the travel portion of the road. Further, there is a substantial relationship between the failure to correct a highway defect and an automobile accident, the type of risk encountered by plaintiffs' decedents and Lavergne."
The failure to maintain the shoulder of Highway 112 was in the instant case, as in Lavergne, certainly a cause-in-fact of the accident. Using the "but-for" analysis employed by the Lavergne court, this court concludes that "but-for" the Department's failure to correct the elevational difference between the paved surface and its shoulders, Mrs. Godwin would not have encountered the risk of harm (car-tree collision) which resulted in the plaintiffs' damages.

MRS. GODWIN'S NEGLIGENCE
The Department pleaded the contributory negligence of Mrs. Godwin in bar of her right of recovery and as a bar to recovery by Mr. Godwin, individually, as administrator of the estate of Kevin Kent Godwin and as head and master of the community of acquets and gains.
Motorists traveling upon Louisiana's roads and highways are charged with exercising reasonable care in the operation of their motor vehicles. This duty of care encompasses keeping one's vehicle under control. Russo v. Guillory, 322 So.2d 233 (La.App. 4th Cir. 1975), writ denied, 325 So.2d 608 (La.1976); Sinitiere v. Lavergne, 391 So.2d 821 (La.1980). The motorist's duty of reasonable care is extended to all passengers riding in the motorist's vehicle. Sinitiere v. Lavergne, supra.
In his reasons for judgment, the trial judge stated:

"Of course plaintiff Mrs. Godwin was negligent. Her action was a classic example of what not to do in her situation." We find this statement by the trial court to be manifestly correct. In spite of this conclusion, the trial judge, relying on the Louisiana Supreme Court decision in Rue v. State Department of Highways, 372 So.2d 1197 (La.1979), on remand, 376 So.2d 525 (La.App. 3rd Cir. 1979), concluded that Mrs. Godwin's negligence would not bar her recovery. We disagree.
In Rue, supra, the plaintiff inadvertently ran onto the shoulder of the highway and struck a dangerous rut which caused plaintiff to immediately lose control of her vehicle. In that case, the Supreme Court, in reversing the appellate court which denied recovery to the plaintiff on the ground of contributory negligence, held that a motorist's duty to drive reasonably does not extend to the risk of injury from striking an unexpected and unexpectable hazard resulting from a negligently maintained highway shoulder. The holding in Rue, supra, was clarified in the recent case of Sinitiere v. Lavergne, supra, wherein Justice Blanche, writing for the court stated:
"This language (holding in Rue) does not establish the highway shoulder as a `zone of recovery' for every straying motorist. Rather, it states the simple principle that the law will not automatically bar a person from recovery or charge him with liability vis-a-vis third parties where the law does not charge that person with actual or constructive knowledge of an avoidable danger."
A review of the testimony reveals no evidence establishing that Mrs. Godwin had actual or constructive knowledge of the low shoulder, therefore her action in leaving the roadway did not constitute negligence per se. However, Mrs. Godwin testified at trial that once on the shoulder she had no difficulty in controlling her automobile. Further she confirmed that there were no obstructions on the shoulder to prevent her from gradually slowing her vehicle to a complete stop if necessary and then maneuvering her automobile back onto the paved surface. Testimony by an expert in the field of vehicle dynamics, which the trial court apparently accepted as true, indicated that the plaintiff's accident was caused by plaintiff attempting to return to the pavement *757 at too great an angle, failing to significantly reduce the speed of her automobile, and oversteering to the left. The Louisiana Supreme Court in Lavergne, supra, noted that the application of the "but-for" analysis resulted in the Department's negligence being a cause-in-fact of plaintiff's accident. However, in evaluating the action of the driver, the court concluded:
"Mr. Lavergne's (the driver of the van) actions were more than just a cause-in-fact of the accident. The breach of his duty to observe what he should have seen had a substantial relation to the harm encountered by himself and the decedents. Thus, he is liable to the survivors of Mrs. Sinitiere and Mrs. Henry and is precluded from recovery from the Department."
We acknowledge that the Department's negligence was a cause-in-fact of plaintiff's damages, but it was not the sole cause. Mrs. Godwin's actions after she left the pavement and traveled onto the shoulder was also a cause-in-fact of the collision. We conclude that Mrs. Godwin's own negligence contributed substantially to the accident, therefore she is barred from recovery from the Department under a negligence theory of recovery.
We will consider the effect of this holding on the rights asserted on behalf of Kevin Kent Godwin and on behalf of the Godwin community of acquets and gains at a later point in this opinion.
STRICT LIABILITY UNDER C.C. 2317
In the alternative the plaintiffs in these consolidated actions assert that the Department is strictly liable for the damages suffered by them. Considering our previous finding that the Department's negligence was a cause-in-fact of the accident it would appear that discussion of this alternative claim is unnecessary. However, since we have concluded that Mrs. Godwin's right of recovery is barred under the negligence theory of recovery (LSA-C.C. Article 2315) we find it necessary to discuss and consider this alternate claim.
Louisiana Civil Code Article 2317 provides in pertinent part:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody...."
In Loescher v. Parr, 324 So.2d 441 (La.1975), the Louisiana Supreme Court discussed the concept of strict liability and described the legal foundation for such liability in the following manner:
"When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others."
In Jones v. The City of Baton RougeParish of East Baton Rouge, 388 So.2d 737 (La.1980), the Louisiana Supreme Court summarized the plaintiff's burden of proof in a strict liability action, the court therein stated:

"Because the responsibility for preventing the unreasonable risk of injury to others is unconditional, the injured party seeking damages under article 2317 need not prove that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defectthat is, that it occasioned an unreasonable risk of injury to anotherand that his injury was caused by the defect. Loescher v. Parr, supra, at p. 446-447; Verlander, Article 2317 Liability: An Analysis of Louisiana Jurisprudence Since Loescher v. Parr, 25 Loyola L.Rev. 263 (1979)."
Prior to the Supreme Court's decision in Jones, supra, this court refused to subject public entities to liability under Civil Code *758 Article 2317 for fear that such liability would lead to "chaotic results". Gallien v. Commercial Union Ins. Co., 353 So.2d 1127 (La.App. 3rd Cir. 1977). However, in Jones, supra, the court concluded that the Louisiana State Constitution of 1974 mandates such liability on the part of public bodies.
Evidence adduced at trial established that the highway at issue was in the care and custody of the defendant. As previously indicated we find, as did the trial court, that the highway was defective at the time of the accident; the defect was such that it occasioned an unreasonable risk of injury; and, the defect was a cause-in-fact of the plaintiff's damages. Therefore, considering these findings, plaintiffs are entitled to recovery under the provisions of LSA-C.C. Article 2317 unless their recovery is barred by some available defense to such an action.
The defenses available to a defendant in an action based on Civil Code Article 2317 are more limited than in an ordinary negligence action. Once the plaintiff proves custody, defect, and causation, the defendant can escape liability only by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistable force. Loescher, supra; Jones, supra.
In order to determine whether the Department should be held liable to plaintiffs under a strict liability theory of recovery, we must first examine the applicability, if any, of the defenses available to the defendant. We may eliminate the defense of irresistable force as the facts evidence no fortuitous event which precipitated plaintiffs' accident.
The second defense is that of "victim fault". Under Civil Code Article 2317 the fault of the victim need not be the sole cause of the plaintiff's damages in order for the defendant to be relieved of liability. In Loescher v. Parr, supra, the court indicated that the victim's fault need only be a substantial factor. As we previously observed, the record reflects that Mrs. Godwin attempted to return to the paved portion of the highway at too great an angle, failed to significantly decrease the speed of her vehicle, and oversteered her vehicle to the left, all of which substantially contributed to the automobile-tree collision which resulted in the plaintiffs' damages. In our view, Mrs. Godwin's failure to exercise reasonable care in the operation of her motor vehicle once she left the travel portion of the highway was a substantial factor in the occurrence of the accident and in our opinion relieves the Department from liability for her (Mrs. Godwin's) damages under LSA-C.C. Article 2317.
The third defense available to the Department is that of "fault of a third party". We at this point consider whether or not the fault of Mrs. Godwin will bar her son, Kevin Kent, a guest passenger in the Godwin vehicle, from recovering from the Department. Our brethren of the First Circuit confronted the issue of third party fault in the case of American Road Insurance Co. v. Montgomery, 354 So.2d 656 (La. App. 1st Cir. 1977), writ refused, 356 So.2d 430 (La.1978). In that case, an automobile driver proceeded through an intersection wherein a defective traffic light was in operation. The facts indicate that at the moment the driver traveled through the intersection, the light flashed both red and green. An intersectional collision resulted with a number of claims for personal injuries being filed against the driver and the Highway Department as custodian of the defective light. The court therein concluded that the automobile driver's action was a cause-in-fact of the accident, therefore, the Highway Department was completely relieved of liability under Article 2317, having proved the defense of "third party fault". Writs were denied in American Road, supra, 356 So.2d 430 (La.1978). Justice Tate dissented from the denial of writs stating "The highway department is solidarily liable because of its concurrent fault under La.Civil Code Article 2317".
This Court is not bound to follow the decision in American Road, supra, in spite of the subsequent denial of writs for it is well settled that a denial of writs is not tantamount to approval of a court of appeal *759 opinion nor does it create precedent. LaFleur v. Fidelity and Casualty Co. of New York, 385 So.2d 1241 (La.App. 3rd Cir. 1980); Lombardo v. Argonaut Insurance Co., 354 So.2d 731 (La.App. 4th Cir. 1978), writ refused, 355 So.2d 1325 (La.1978).
We must respectfully disagree with the holding of our brethren of the First Circuit in American Road Insurance Company, supra. In the instant case we have determined that the defect in the highway (fault attributable to the Department under Article 2317) and the negligent actions of Mrs. Godwin (fault attributable to her under Article 2315) both contributed substantially to the injuries and resultant damages suffered by the guest passenger, Kevin Godwin, a totally innocent victim. Under such circumstances we can conceive of no valid reason why the Department should be completely absolved of all responsibility for its concurrent fault. We have previously held in this case that the Department is liable to Kevin Godwin, under the provisions of Article 2315, for allowing a patently dangerous highway condition, of which it had notice, to exist. Under such circumstances, it matters not that the accident and resultant injuries to Kevin were also caused by the concurrent negligence of Mrs. Godwin, for it is well settled that joint tortfeasors are solidarily liable for damages which result from their concurrent negligence or wrongdoing. Clay v. State Farm Mutual Automobile Insurance Company, 330 So.2d 380 (La.App. 3rd Cir. 1976). It would be clearly incongruous to hold that a joint tortfeasor is solidarily liable if his responsibility attaches under Article 2315 but totally relieved of responsibility if he is concurrently at fault by application of the legal principles set forth in Article 2317. This court has previously held that in order to be relieved of liability under Article 2317, the custodian defendant must establish that the accident was caused solely by the fault of a third person. Tiger Well Service v. Kimball Production Co., 343 So.2d 1153 (La. App. 3rd Cir. 1977); Panek v. Gulf Insurance Co., 341 So.2d 46 (La.App. 3rd Cir. 1976). Although in Kasperski v. Patterson Services Inc., 371 So.2d 1254 (La.App. 3rd Cir. 1979), writ refused, 373 So.2d 530 (La. 1979), a different panel of this court, makes reference to the decision in American Road Insurance Company as relaxing the standard adopted in Tiger Well Service and Panek, we now adhere to that standard and conclude that where fault is established under Article 2317, responsibility to a totally innocent victim can be avoided only by proof that the harm was caused by the sole fault of a third party or by an irresistable force.

QUANTUM
Plaintiff, Walter M. Godwin answered defendant's appeal requesting an increase in the award of damages to his minor son, Kevin Kent, from $25,000.00 to $125,000.00.
The record indicates that as a result of the accident, young Kevin Godwin sustained fractures of the upper and lower left leg, a fractured clavicle, multiple contusions, laceration of the knee, and a cerebral concussion causing him to be hospitalized for two weeks. However, despite the fact that at the time of the accident the young boy suffered from muscular dystrophy, he recovered from his injuries within a relatively short period of time.
It is well settled that before a Court of Appeal can disturb the quantum award made by the trial court, the record must clearly reveal that the trier of fact abused its much discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). After a careful review of the record, we conclude that the lower court is not guilty of such abuse. Therefore, the award of the trial court will be affirmed subject to modification as to responsible parties as hereafter delineated.

SUMMARY
This court concludes that the accident was caused by the concurrent negligence of the Department and Mrs. Godwin. Mrs. Godwin's contributory negligence bars her recovery under Civil Code Article 2315. In addition, as previously stated herein, Mrs. Godwin's substantial fault precludes her recovery *760 from the Department under Civil Code Article 2317. Therefore, the trial court's judgment in favor of the plaintiff, Bettye F. Godwin and against the Department, in the companion case, will be reversed and set aside and that suit will be ordered dismissed with prejudice and at the plaintiff's costs.
It is well settled that the negligence of a wife while driving an automobile on a community mission is imputable to her husband. Vidrine v. General Fire & Casualty Co., 168 So.2d 449 (La.App. 3rd Cir. 1964). Thus, Mr. Godwin is precluded from recovering the damages sustained by the Godwin community of acquets and gains itemized in the trial court's judgment as follows:

(a) automobile damage .................$ 100.00
(b) medical expenses for treatment
 of Kevin Kent Godwin .............. 2,593.46[2]
(c) medical expenses for treatment
 of Bettye F. Godwin ............... 3,152.54

Accordingly, the judgment of the trial court awarding special damages to Walter M. Godwin in the total sum of $5,846.00 will be reversed and set aside and the demand of Walter M. Godwin individually and as head and master of the community of acquets and gains existing between himself and Bettye F. Godwin will be ordered dismissed with prejudice.
Finally, considering our conclusion as to the joint responsibility of the Department and Mrs. Godwin for the injuries and resultant damages suffered by Kevin Kent Godwin and considering further the release by the plaintiffs in this case of Government Employees Insurance Company, insurer of the Godwin vehicle, and the subsequent dismissal of this suit as to that defendant, it is axiomatic that such release of a solidary obligor operates to reduce any award to the plaintiff by the virile share of the party released, in this case by one-half. Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir. 1964); Wall v. American Employers Insurance Co., 386 So.2d 79 (La.1980). Accordingly, the judgment of the trial court will be amended so as to reduce the award to Walter M. Godwin as administrator of the estate of his minor son, Kevin Kent Godwin, and against the Department from the sum of $25,000.00 to the sum of $125,000.00.[3]
For the above and foregoing reasons the judgment appealed from is reversed in part and amended in part and recast to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the State of Louisiana, Through the Department of Transportation and Development, and against Walter M. Godwin, individually and as head and master of the community of acquets and gains existing between him and Bettye F. Godwin dismissing the latter's suit with prejudice and at his cost.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Walter M. Godwin, as administrator of the estate of his minor son, Kevin Kent Godwin, and against the defendant, State of Louisiana, Through the Department of Transportation and Development, in the sum of $12,-500.00, together with legal interest on said sum from date of judicial demand until paid, and for all costs of the proceedings conducted in the trial court, including the fees of all expert witnesses, the total costs incurred at the trial level for which the Department is cast being fixed at the sum of $1268.62 .
*761 Costs of this appeal are to be borne one-half by Walter M. Godwin, as administrator of the estate of his minor child, Kevin Kent Godwin, and one-half by the State of Louisiana, Through the Department of Transportation and Development, the sum due by the Department for appeal costs being fixed at the sum of $161.33.
REVERSED IN PART, AMENDED AND AFFIRMED IN PART AND RECAST.
NOTES
[1] At the time of accident Mrs. Godwin was bringing her son, Kevin Kent, to a scheduled doctor's appointment in Deridder, Louisiana. Appellees do not urge that Mrs. Godwin was not on a community mission.
[2] Walter Godwin is precluded from recovering the medical expenses incurred for the treatment of Kevin Kent Godwin, for it is well settled that where a parent is found to have been contributorily negligent such parent cannot recover special damages incurred on behalf of a minor child. Romero v. General Accident Fire & Life Assurance Corp., 199 So.2d 607 (La.App. 3rd Cir. 1967); Thibodeaux v. Jack's Cookie Corp., 169 So.2d 918 (La.App. 3rd Cir. 1964) writ refused, 247 La. 365, 171 So.2d 479 (La.1965); Rue v. Continental Insurance Co., 366 So.2d 629 (La.App. 3rd Cir. 1978) writ denied 369 So.2d 153 (La.1979).
[3] A parent's negligence is not imputable to his or her child. Vidrine v. General Fire & Casualty Co., 168 So.2d 449 (La.App. 3rd Cir. 1964).