WARD, Judge.
This lawsuit arises out of an accident that occurred on March 24, 1976, on the Dan-zinger Bridge over the Industrial Canal in New Orleans. Two of plaintiff’s minor children were injured in the accident and a third, plaintiff’s ten year old daughter, died as a result of injuries sustained in the accident. Plaintiff, Saundra Campbell, as legal representative of her three minor children, brought suit against the State of Louisiana through the Department of Highways. Plaintiff alleged that the accident was caused solely by a defect in the surface of the bridge which, she argues, made the bridge unreasonably dangerous. Trial was before the Judge and he rendered judgment against the State. Mrs. Campbell was awarded $31,158.00 for the medical expenses, death and funeral expenses of Mat-ashia Campbell. She was awarded $17,-643.55 for the medical expenses and general damages sustained by her son, Clarence Caldwell, Jr., and $44,337.80 for general damages and medical expenses incurred by her minor daughter, Arcina Campbell. The State has appealed the finding of liability. After reviewing the evidence in light of the applicable legal principles, we affirm the judgment of the trial court.
The accident occurred during rainy weather. Mrs. Campbell’s three children were passengers in a car driven by Gerald L. Armstrong, a friend of the Campbells. Armstrong’s car went into a skid on the bridge after he applied his brakes when a car in front of them slowed down for an unknown reason. Although travelling at only 20-25 m.p.h., the car in which the children were riding skidded into the opposite lane of traffic after braking and, after colliding with another vehicle, the car hit the guard rail of the opposite lane, spun around, and hit the guard rail again.
The trial court found the State liable under Civil Code Article 2317 which provides, “[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. ...” In Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980), the Supreme Court held that municipalities and other public bodies may be held liable under C.C. Art. 2317 for damages caused by things in their custody. Liability under C.C. Art. 2317 is based not on negligence but on legal fault. “Liability is a consequence of the fact of ownership and custody in itself, not of the breach of a duty.” Jones, supra, p. 740. Thus, in order to recover under C.C. Art. 2317, plaintiff need only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect — that is, that it occasioned an unreasonable risk of injury to another, and that his injury was caused by the defect. Jones v. City of Baton Rouge, supra at p. 739. The owner or custodian of a defective thing may escape liability under C.C. Art. 2317 only by showing that the harm was caused by the fault of plaintiff, fault of a third person, or irresistible force. Jones v. City of Baton Rouge, supra at p. 740.
On appeal, the State first argues that the bridge was in reasonably safe condition. The trial court concluded that the surface of the bridge created an unreasonable risk of injury to persons driving over it. This conclusion is supported by the testimony of an accident reconstruction ex *1177 pert, Raymond Burkart. Mr. Burkart conducted several skid tests on the bridge and discovered that the bridge’s surface when wet has a skid factor comparable to a surface consisting of packed snow. He testified that if a driver brakes on such a surface at 20 m.p.h., the vehicle will inevitably go into a skid spanning 60 feet or more. According to his testimony, the dangerousness of the surface is augmented by abrupt changes from a concrete surface to a metal grid surface. There are no warning signs to alert a driver to this hazard.
Mr. Burkart’s testimony was corroborated by the testimony of Dr. Frank Griffith, an expert in physics. He also found the surface comparable to packed snow and noted that the bridge was without barriers between opposing lanes and was so narrow that any rotation occurring during a skid would throw a car into oncoming traffic. The testimony of Mr. Burkart and Mr. Griffith was uncontroverted; the State did not present any witnesses or other evidence to challenge their conclusions. Therefore, we conclude that the trial court had ample evidence upon which to base its finding that the surface of the bridge created an unreasonable risk of injury.
The State next argues even if the bridge is found unreasonably dangerous that the trial court erred in finding that the condition of the bridge surface caused the accident. In Canty v. Terrebone Parish Police Jury, 397 So.2d 1370 (La.App. 1st Cir.1981), writ denied 401 So.2d 988 (La.1981), the court noted that a plaintiff seeking to recover under C.C. Art. 2317 must prove that the defect complained of was a cause-in-fact of the injury. A defect is a cause-in-fact if it is a substantial factor in bringing about the harm. Canty v. Terrebone Parish Police Jury, supra at 1374. The trial court’s finding of causation by the defect is supported by the testimony of the accident reconstruction expert, Mr. Burkart, who was of the opinion that the bridge surface was the major cause of the accident.
Additionally, there is no evidence of the fault of a third person. Although it was established that a car in front of the one carrying the children braked for no apparent reason, proof of such braking does not in itself amount to proof of negligence. Nor was it shown that the driver of the car with the children contributed to the accident by applying his brakes abruptly. As plaintiff’s experts testified, any braking at 20 m.p.h. would be likely to result in a skid. This conclusion was buttressed by Mr. Bur-kart’s testimony that he could conduct his tests travelling no faster than 20 m.p.h. because he feared injury would result even under controlled testing conditions.
Neither did the State show that the accident was caused by an irresistible force, which has been defined as an unforeseen occurrence where damage resulting has no causal relationship whatsoever with failure of the owner or custodian to keep the object in reasonably safe condition. See Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978). Although the rainy weather was certainly a contributing factor to the accident, it cannot be said that the rain was unforeseeable or that the condition of the bridge surface had no causal relationship to the damage. Therefore, we affirm the finding of the trial court that the defective surface of the bridge was the cause of the accident and resulting injuries.
For the above reasons, the judgment of the trial court is affirmed, but the case is remanded to the District Court for determination of cost, which are assessed against the State. La.R.S. 13:5112.
AFFIRMED.
BARRY, J., concurs with written reasons.