KLEES, Judge.
This appeal arises from an action instituted by the plaintiff, Geneva Young, against defendant, Sewerage and Water Board of New Orleans, for injuries alleg *128 edly sustained in a collision involving equipment parked at defendant’s construction site and a vehicle in which Ms. Young was a passenger. The trial court granted judgment in favor of defendant, dismissing plaintiff’s suit finding that the defendant was not responsible for Ms. Young’s injuries.
Plaintiff appeals the trial court’s decision alleging that the trial court committed manifest error when it failed to find that the Sewerage and Water Board created a defective job site which caused injuries to the plaintiff.
FACTS:
On June 29, 1980, plaintiff, Geneva Young and Jeffrey Williams left a bar called Bundinini’s at approximately 4:30 a.m. They proceeded down Poydras Street and took a left on Baronne Street on their way to getting on the Greater New Orleans Bridge. Mr. Williams was driving the vehicle with Ms. Young as a passenger. Near the intersection of Baronne Street and Lafayette Street, there was a Sewerage and Water Board construction site consisting of an excavation hole, a jack hammer, and a backhoe digger, all of which were located in the left parking lane on Baronne Street. Also located at this construction site were safety barricades with flashing yellow lights. Mr. Williams’ vehicle struck the construction site and eventually hit the “bucket” of the backhoe, causing the vehicle to flip over and land upside down on Baronne Street. Ms. Young was thrown from the vehicle and incurred serious injuries. Mr. Williams incurred only slight injuries. The backhoe digger, which had previously been within the parking lane and protected by barricades, was pushed into the travel lane when the vehicle collided with the construction site. Mr. Williams was cited for, “non-vigilance” and eventually paid a fine.
Geneva Young filed suit against the Sewerage and Water Board to recover damages for the injuries sustained. At trial, plaintiff argued that the defendant was strictly liable for her injuries. Defendant, Sewerage and Water Board, argued that plaintiff’s injuries were solely the result of Jeffrey Williams’ negligence. Judgment was rendered in favor of the defendant, dismissing plaintiff’s claim. The trial court found that the plaintiff had not met her burden in proving the construction site defective, and thus, did not succeed in proving that the Sewerage and Water Board was strictly liable for plaintiff’s injuries. The court concluded “that the backhoe was not improperly in the thoroughfare, and that the barricades and lighting were sufficient to exonorate the Sewerage and Water Board and/or the City of New Orleans from negligence and/or responsibility in this accident.”
On appeal, plaintiff contends that under Civil Code Article 2317, the Sewerage and Water Board is strictly liable for her injuries. The Louisiana Supreme Court has held that the strict liability theory of Article 2317 is available in a suit against a public body. Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980). Under the doctrine of strict liability, a plaintiff must prove three elements to be successful: (1) that the thing which caused the damages was in the care and custody of the defendant, (2) that the thing had a vice or defect, that is, an unreasonable risk of harm, and (3) that the injuries were caused by the defect. Loescher v. Parr, 324 So.2d 441 (La.1976). There is no requirement of proving actual or constructive knowledge of the defect on the part of the public body. Jones v. City of Baton Rouge, supra.
The plaintiff has proven that the equipment on the construction site was owned by the Sewerage and Water Board. The plaintiff has not proved that a defect existed in the construction site. At trial, the plaintiff argued that the “bucket” of the backhoe digger was in the travelling lane and not within the parking lane. Further, the plaintiff attempted to show that the construction site was not well-lit. Plaintiff contends that the evidence presented at trial supports these allegations, and thus proves that a defect existed in the construction site.
*129 The trial court’s determinations that the backhoe digger was located within the parking lane and that the lighting on the site was excellent, with barricade lights flashing yellow were based upon his interpretation of the facts adduced during the trial. The testimony at trial revealed a conflict as to location of the backhoe digger and the lighting conditions around the construction site. Such conflicts are resolved by the trial court’s evaluations of credibility and inferences drawn from the facts. The law is well settled that the reviewing court must give great weight to the factual conclusions of the trier of fact. Canter v. Koehring Company, 283 So.2d 716 (La. 1973). The appellate court will not disturb the factual findings unless the record establishes that the findings are clearly wrong. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978).
A review of the record reveals that there was sufficient evidence for the trial court’s finding that the Sewerage and Water Board was not responsible for the plaintiff’s injuries. Further, the record supports the conclusion of the trial judge that Jeffrey Williams, driver of the vehicle, was negligent in failing to see what he should have seen.
Accordingly, the judgment of the district court dismissing plaintiff’s suit is affirmed.
AFFIRMED.