Dear Mr. Doughty:
You have requested an opinion from this office concerning whether or not the Franklin Parish Police Jury may legally expend funds for the purpose of repairing a bridge.
According to the request, the Franklin Parish Police Jury built the bridge approximately fifteen (15) years ago in order to provide Mr. W.T. Tolar access to his home. It appears that the bridge has little public use, and the main beneficiary of the bridge has been the landowner, Mr. Tolar. The facts indicate that the bridge is not on a parish road and from your letter it can be inferred that the bridge does not connect to a parish road system. You also indicate no repairs have been made since construction; the bridge crosses a natural drain and the channel has not been cleaned before or since construction; and the bridge is on private property.
The statutory authority granting the Police Jury the right to construct a bridge as an integral part of the parish road system is contained in La. R.S. 33:1236 and La. R.S. 48:831. Pursuant to La. R.S. 33:1236(2), police juries have the power "[t]o regulate the proportion and direction, the making and repairing of the roads, bridges, causeways, dykes, dams, levees and highways when, in the opinion of the police jury, such work will further the best interests of the parish and the parish road system." La. R.S. 48:831 is an additional grant of authority to construct bridges over navigable bodies of water and, by implication, includes the same discretionary power in the police jury as R.S.33:1236. (Attorney General Opinion No. 93-725)
A police jury is empowered through La. R.S. 33:1236(2) to perform work on roads, bridges, highways, etc., in the furtherance of the best interest of the parish. The provision does not authorize a police jury to perform such work if it is for the exclusive benefit of private interests. (Attorney General Opinion No. 77-1594)
Although the police jury has the power and discretion to build bridges, the construction of this particular bridge seems questionable. Nevertheless, the question becomes whether the use of public funds to repair the bridge will further the best interests of the parish and the parish road system. The facts supplied do not indicate that repairing the bridge is in the best interest of the public. While it is within the discretion of a police jury to repair bridges, we do not think that this would permit a police jury to maintain and repair a bridge on private property for the sole use of the property owner.
With reference to the expenditure of public funds for private purposes, the Louisiana Constitution provides at Article VII, Section 14, the following:
 Except as otherwise provided by this Constitution, the funds, credit, property, or things of value of the State or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . .
Therefore, a police jury cannot repair bridges as described in La. R.S. 33:1236(2) on private property if the benefits of the work inure only to the owner of the properties enhanced thereby and no substantial public purpose is served.
If there are facts indicating that the bridge has been and is today used by the public and that the repairs will further the best interest of the public, the police jury may expend funds to make the necessary repairs to maintain the bridge. From the facts supplied, it may be inferred that neither the police jury nor the landowner intended that the bridge was to be used by the public at large as a "public road or street" or that it was to be dedicated for public use.
However, since the bridge was in fact constructed under the authority of the police jury, the bridge may be considered public property notwithstanding that it is on private property. If so, the bridge remains a public thing and the police jury may well have liability for injuries or damages resulting from its deterioration. See, for instance, Robinson v. BeauregardParish Police Jury, 351 So.2d 113 (La. 1977). See also,Jones v. City of Baton Rouge, 388 So.2d 737 (La. 1980) and its progeny. The bridge may have been abandoned by non-use for a period in excess of ten years. C.C. 789. The Police Jury may wish to formally revoke its interest in the bridge in accordance with the provisions of R.S. 48:701.
In summary, it is the opinion of this office that public funds cannot be expended to repair the bridge unless it is for the public benefit, i.e., the public at large as distinguished from a single property owner.
We hope that this is responsive to your request. Should you have any further questions or comments, please contact the undersigned at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: _____________________________ ROBERT B. BARBOR Assistant Attorney General RPI/RBB/gbe
Mr. David Doughty Assistant District Attorney Post Office Drawer 389 Rayville, Louisiana 71269
DATE RECEIVED:
DATE RELEASED:
Robert B. Barbor Assistant Attorney General