| iDECUIR, Judge,
dissenting.
I respectfully dissent. A drunk driver, traveling the highway and endangering responsible motorists, makes a right turn into a drainage ditch injuring himself and his adult passenger, and the majority finds that the taxpayers of the State of Louisiana, through the Department of Transportation and Development are 60% at fault. That is more fault than assigned to the drunk driver who drove off the road and more fault than that assigned to the adult passenger who chose to ride with that drunk driver. I cannot in good conscience subscribe to such an opinion.
“The duty of the Department of Transportation is only to see that state highways are reasonably safe for persons exercising ordinary care and reasonable prudence.” Graves v. Page, 96-2201 (La.11/7/97); 703 So.2d 566, 572; Godwin v. Government Employees Ins. Co., 394 So.2d 751, 754 (La.App. 3 Cir.1981); Lewis v. State, Through Dept. of Transportation and Development, 94-C-2370 (La.4/21/95); 654 So.2d 311, 313; Laborde v. Louisiana Dept. of Highways, 300 So.2d 579 (La.App. 3 Cir.1974). The majority opinion fails to consider these cases and ignores the established law of this circuit enunciated in *955 Miller v. State, DOTD, 95-548 (La.App. 3 Cir. 3/20/96); 679 So.2d 134, writ denied, 96-1674 (La.10/11/96); 680 So.2d 650 and Holmes v. State, Through Dep’t of Highways, 466 So.2d 811 (La.App. 3 Cir.), writ denied, 472 So.2d 31 (La.1985). In these eases, addressing factual circumstances similar to those in the instant case, we said:
The highway department’s duty to maintain a safe shoulder does not encompass the foreseeable risk of injury to a motorist who strays completely off the traveled portion of the highway because his driving ability is impaired by reason of intoxication ...
Miller, 679 So.2d at 138, citing Holmes, 466 So.2d at 821. See also Beecher v. Keel, 94-314 (La.App. 4 Cir. 9/29/94); 645 So.2d 666, writ denied, 95-0108 (La.3/10/95), 650 So.2d 1185.
I can think of no logical reason why that which applies to the shoulder in the above cited cases, would not apply even more to the ditch in the present ease.
The majority opinion attempts to shift responsibility for its untenable position to the trial judge, in much the same way as it shifts the responsibility of Comeaux to the taxpayers through DOTD. The majority notes that the trial court found the foreslope and baek-slope of the ditch created a dangerous and hazardous condition. The majority then contends that this finding is uneontested by DOTD and therefore, only DOTD’s duty is at issue. This position fails to recognize that the necessary finding by the trial court is that the defect created an unreasonable risk of harm. Oster v. Dept. Of Transp. & Development, 582 So.2d 1285 (La.1991). The trial court here nevér found that the ditch created an unreasonable risk' of harm or was even unreasonably dangerous. Accordingly, DOTD had no need to contest the finding of the trial court.
The majority challenges the trial court’s findings in disregard of the appropriate standard of review. The supreme court, in Aucoin v. State, Dept. of Transp. & Dev., 97-1938, 97-1967 (La.4/24/98); 712 So.2d 62, recently stated:
^Breach of duty and reasonableness of the risk depend on the facts and circumstances of each ease. Manasco v. Poplus, 530 So.2d 548 (La.1988); Hunter v. DOTD, 620 So.2d 1149 (La.1993). The standard of review is manifest error where unreasonable risk of harm is at issue. Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98), 708 So.2d 362. The trial court’s findings are reversible only when there is not reasonable basis for the conclusions, or they are clearly wrong. Mart v. Hill, 505 So.2d 1120 (La.1987).
The trial court did not find that the roadway in this case created an unreasonable risk of harm and found that DOTD owed no duty under the present facts. In other words, the trial court found that the particular risk in this case did not fall within the ambit of DOTD’s legal duty. The majority states clearly that it disagrees with the trial court’s finding on duty. However, if a trial court’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Id. I find no manifest error in the trial court’s findings. Moreover, the majority opinion fails to make any such explicit finding.
I am also unconvinced by the majority’s attempt to distinguish Myers v. State Farm Mutual Automobile Insurance Co., 493 So.2d 1170 (La.1986) and its progeny. I note, moreover, that Aucoin explicitly affirms the holding in Myers and states that the court granted writs out of concern that DOTD was found liable because it failed to bring an old highway up to current standards. Aucoin, 712 So.2d 62. While the court in Aucoin upheld the trial court’s finding of liability on the part of DOTD, the tenor of the opinion makes clear that the unusual factual circumstances dictated the result, in spite of Myers. Accordingly, I would find that the trial court was correct in finding Myers applicable to the facts of this case.
*956 |4In conclusion, I respectfully dissent from the majority opinion because I find that it allocates fault unconscionably, ignores established law, and fails to give proper deference to the trial court’s findings.