# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 01-30161

GEORGE GIBSON; ET AL

Plaintiff

GENE IRVIN; COLLEEN ANN COBURN; MENIRVA WILLIAMS; PRISCILLA
DOUGLAS; JOHN DOUGLAS; JOSEPH DOUGLAS; THOMAS DORSEY, SR.;
GWENDOLYN DORSEY; THOMAS DORSEY; DAVID DORSEY; SILAS DORSEY;
ROBERT EUGENE DORSEY; GLENN CHARLES DORSEY; CATHERINE ANN DORSEY;
KENNETH R. DORSEY; ELAPHAMOUS DORSEY; STACY SIBLEY, on behalf of Natasha
Marie Sibley, on behalf of Shantel Alexis Sibley; ANGELA SIBLEY

Plaintiffs-Appellants,

VERSUS

EXXON MOBIL CORPORATION, also known as Exxon Company USA,

Defendant - Third Party Plaintiff-
Appellant

VERSUS

FOSTER-WHEELER USA CORPORATION

Third Party Defendant-Appellee

Appeals from the United States District Court
for the Middle District of Louisiana
No. 93-MS-2-C
April 17, 2002

Before SMITH and DeMOSS, Circuit Judges, and DUPLANTIER, District Judge[*]

---

[*]District Judge of the Eastern District of  Louisiana, sitting by designation.

DUPLANTIER, District Judge[**]:

Plaintiffs and defendant-third party plaintiff Exxon Mobil Corporation (Exxon) appeal the dismissal of their claims against Foster Wheeler Corporation (Foster Wheeler). For the following reasons, we affirm the district court's judgment.

As a result of a defective elbow section in the petroleum piping system, a fire occurred at the Exxon coking facility in Baton Rouge, Louisiana.[1] Foster Wheeler designed and constructed the coking facility, including the defective elbow section, more than thirty (30) years before the fire occurred. Numerous parties filed suit against Exxon seeking damages for death, personal injury, and property damage resulting from the fire. Exxon filed a third party claim for indemnity and contribution against Foster Wheeler, and several plaintiffs amended their complaints to name Foster Wheeler as a defendant.

Several weeks before Exxon filed its third party claim against Foster Wheeler in federal court, it filed suit against Foster Wheeler in a Louisiana state court, asserting a virtually identical claim.

In the federal court, Foster Wheeler urged as a defense to Exxon's claim that the claim was perempted under La. Rev. Stat. 9:2772 which provides in pertinent part that:

> A. No action . . . including but not limited to an action . . . to recover damages shall be brought . . . against any person

---

[**] Pursuant to 5th CIR.R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR.R. 47.5.4.

[1] For the purpose of this appeal only, the parties agree that a defect in the elbow section caused the fire.

performing or furnishing the design, planning, supervision, inspection, or observation of construction, or the construction of immovables, or improvement to immovable property . . .:

    (1) More than seven years after the date of registry in the mortgage office of acceptance of the work by the owner; or

    (2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than seven years after the improvement has been thus occupied by the owner . . ..[2]

The federal district court bifurcated the issue of peremption from the other issues, and the parties stipulated the relevant facts. In the state court proceeding Foster Wheeler filed an exception of peremption, raising precisely the same legal issue raised in the federal court. The federal district court and the state trial court conducted joint oral argument on the peremption issue.

The district court concluded that the elbow was a component part of an immovable under Louisiana's Civil Code Article 466:

Things permanently attached to a building or other construction, such as plumbing, heating, cooling, electrical, or other installations, are its component parts.

Things are considered permanently attached if they cannot be removed without substantial damage to themselves or to the immovable to which they are attached.

Because the elbow was a component part of an immovable, the district court concluded that all

---

[2] The parties and the district judge cite La. Rev. Stat. 9:2772 as amended by Acts 1999, No. 1024, (effective August 15, 1999), which provides for a seven year peremptive period, rather than the version of the statute in effect at the time Exxon filed its claims, which provided for a ten year peremptive period. The distinction between the statutes is not relevant here, because the fire occurred more than 30 years after the facility was constructed.

claims against Foster Wheeler were perempted under La. Rev. Stat. 9:2772 and entered a judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, dismissing those claims. Similarly, the state court sustained Foster Wheeler's exception of peremption and dismissed Exxon's suit, also relying upon Civil Code Article 466 and La. Rev. Stat. 9:2772.

While this appeal was pending, and several weeks before oral argument in this case, a Louisiana court of appeal affirmed the state trial court's judgment dismissing Exxon's suit. The court of appeal concluded that the state trial court correctly determined that the defective elbow which had caused the accident was part of an immovable, and thus, the peremptive period of La. Rev. Stat. 9:2772 barred Exxon's claim for damages. *Exxon Corp. v. Foster Wheeler Corp.*, 805 So.2d 432 (La. App. 1st Cir. 2001), *writs denied* ___ So.2d ___, No. 2002-C-261 (La. March 28, 2002). [3]

Because this appeal involves only legal issues, we review *de novo*. *Gebreyesus v. F.C. Schaffer & Assoc., Inc.*, 204 F.3d 639, 642 (5th Cir. 2000).

In this diversity case, Louisiana substantive law applies. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed.2d 1188 (1938). Generally, we are bound to apply the law of the forum state as determined by that state's highest court. *See Ladue v. Chevron*, *U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991). Where, as here, the forum state's highest court has not yet addressed the issue to be decided, a federal court should apply state law as interpreted by an intermediate state appellate court decision "unless it is convinced by other persuasive data that the

---

[3] In concluding that the elbow which caused the fire was a component part of an immovable, the concurring opinion in the state court of appeal relies persuasively upon Article 465 of the Louisiana Civil Code, which provides that "[t]hings incorporated into a tract of land, a building, or other construction, so as to become an integral part of it, such as building materials, are its component parts." *Id* at 438.

highest court of the state would decide otherwise." *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940).

With respect to the Louisiana law involved in this case, we rely upon the Louisiana appellate court decision; Exxon offers no "persuasive data that the highest court of the state would decide otherwise." *Id.*

The Louisiana Supreme Court denied Exxon's application for writs following the court of appeal's affirmance of the dismissal of Exxon's claims. While "a denial of writs is not tantamount to approval of a court of appeal opinion," *Godwin v. Government Employees Insurance Company*, 394 So.2d 751, 758-59 (La. App.. 3rd Cir. 1981), it buttresses our conclusion that the Louisiana Supreme Court would not decide the issues before us otherwise than did the Louisiana appellate court.

Often, in considering a state court interpretation of state law we must analogize the facts in the state case to the facts before the federal court in order to determine that the state court decision is applicable. That exercise is unnecessary in this case, because the state court decision involves the same incident which gave rise to the instant case, facts identical to those involved herein, and the same primary parties.

For the above reasons, we affirm the dismissal of all claims against Foster Wheeler.[4]

---

[4] The motion to certify question is denied.