402 So.2d 154 (1981)
James E. FOGGAN
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 14217.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
*155 David K. Balfour, Baton Rouge, for defendant and appellant.
Joel B. Dickinson, Baton Rouge, for plaintiff and appellee.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
Plaintiff, James E. Foggan, filed this civil action seeking damages for injuries to his person and property allegedly caused by a motorcycle accident which he claims occurred because of the negligence of defendant, the Louisiana Department of Transportation and Development, in failing to properly maintain a segment of Louisiana Highway 429 near Gonzales, Louisiana. After trial on the merits, the district court rendered judgment in favor of plaintiff. Defendant appealed.
Plaintiff testified that, on the day of the accident, he had been to a ball game and was returning home on an unfamiliar route. He rounded a curve, spotted an approaching car, and immediately was confronted with a large hole in the road. He stated that he was unable to avoid hitting the hole, which was centered in the middle of his lane. The hole was described as being some ten to eleven inches deep by some three feet by three feet in perimeter. He was thrown from his motorcycle.
Plaintiff was asked to identify the highway on which the accident happened. He identified it both as "Cornerview" (a local name) and as State Highway 429. He stated that his wife had ascertained the number of the highway and told it to him. This testimony was admitted without objection.
Plaintiff's wife testified that she took pictures of the accident scene and asked people in the community the number of the highway. There was no objection to her testimony or to her or plaintiff's identification of the photographs as being of Highway 429. Defendant did not present any evidence whatsoever to contradict this testimony.
Defendant argues that plaintiff did not establish that the accident did, in fact, occur on a state highway, a thing in the custody of defendant. In reviewing the testimony of this matter, we find that the plaintiff and his wife, on being questioned as to the location of the accident, both indicated that it was Louisiana Highway 429. Plaintiff's wife plainly stated that she ascertained the location's identity by questioning persons in the community, that she took the photographs which she and her husband identified as the place of the accident, and that she informed her husband of the number of the highway, 429.
*156 Defendant, on cross-examination, made much of the fact that plaintiff's wife told him the number of the highway and that the wife had learned the name and number by asking questions of others. However, it is noted that no objections were made to the identification testimony nor was any offer made of evidence to the contrary. Uncontradicted, hearsay testimony of a witness, admitted without objection, may properly be considered and given probative value. Coleman v. Victor, 326 So.2d 344 (La. 1976); Wainer v. Wainer, 210 La. 324, 26 So.2d 829 (1946); Gray v. Great American Indemnity Company, 121 So.2d 381 (La.App.1st Cir., 1960). Also, Louisiana Revised Statute 48:191 designates Louisiana 429 as a state highway. Therefore, clearly, the thing in question was in the care or custody of defendant.
Defendant further contends that the district court erred in failing to require proof of a cause in fact relationship between the injury sustained and a negligent act or omission on its part and in failing to find that plaintiff was contributorily negligent.
Defendant discusses these issues as governed by a theory of negligence. However, the delictual responsibility of defendant in the instant case is based, not upon negligence, but upon legal fault. La.Civ.Code art. 2317; Jones v. City of Baton Rouge, 388 So.2d 737 (La. 1980); Derouen v. Department of Transportation and Development, 392 So.2d 765 (La.App. 3rd Cir., 1980); Scott v. State Department of Transportation and Development, 392 So.2d 482, 483 (La.App. 1st Cir., 1980); LeGrand v. State Department of Highways, 390 So.2d 957 (La.App. 2nd Cir., 1980).
Neither knowledge of the defect nor any particular act or omission by defendant are prerequisites to a finding of liability. Jones v. City of Baton Rouge, supra, Le-Grand v. State, supra. Plaintiff need only prove that (1) the thing which caused his injury was within defendant's care and custody; (2) the thing had a vice or defect, i. e. that it occasioned an unreasonable risk of injury; and (3) his injury was caused by the defect. Jones v. City of Baton Rouge, supra; Loescher v. Parr, 324 So.2d 441 (La. 1975); LeGrand v. State, supra. Once these elements are established, defendant can escape liability only by showing that plaintiff's injury was caused by plaintiff's own fault, by the fault of a third party, or by an irresistible force. Jones v. City of Baton Rouge, supra; Loescher v. Parr, supra; Le-Grand v. State, supra.
As previously stated, the record reveals that the highway on which the accident occurred was within the care and custody of defendant. A hole ten to eleven inches deep and three by three feet in perimeter is obviously a defect, i. e. it does occasion an unreasonable risk of injury to motorists. Thus, the first two elements of plaintiff's action are affirmatively established.
Defendant's arguments relate to the third element. It submits that the defect did not cause the injury but that, instead, it was caused by plaintiff's own fault. We disagree.
The record reveals that plaintiff was proceeding down the highway in a proper manner. After rounding a curve, he sighted an oncoming vehicle, remained in his own lane of travel, and was suddenly confronted with a large hole in the highway. He testified that he could not avoid the hole. Upon impact with it, he was thrown from his motorcycle.
Under these circumstances, we find that plaintiff's injury was, in fact, caused by the defect (the hole) in the highway. We reject defendant's assertion that the injury was caused by plaintiff's own fault.
For the foregoing reasons, the judgment of the district court is affirmed. The costs in the trial court and on appeal in total amount of $291.30 are assessed to defendant.
AFFIRMED.