CHEHARDY, Judge.
Plaintiff Teddy Young, a letter carrier, instituted this suit for personal injuries received in an accident when his postal service jeep overturned on Fried Street near the intersection of Second Street in the City of Gretna. He appeals from a judgment dismissing his suit against the City upon a finding that his own negligence was the sole cause of the accident.[1]
In this court, as he did in the trial court, plaintiff contends the accident was due to large potholes in the street and that the city was guilty of negligence for failing to maintain the street in a safe condition. He claims he is entitled to recovery under a theory of negligence, and/or strict liability under LSA-C.C. art. 2317.
Plaintiff’s version of the accident is that he was driving a quarter-ton AMC jeep which he had been operating for about eight months. On August 12, 1981 around lunch time, he was delivering mail on Fried Street between First Street and Second Street. He had never serviced that area before. The street contained a lot of shell and gravel, holes and bumps. The accident occurred just after he turned onto Fried *275 Street when the barrage of potholes caused him to lose control of the steering wheel which spun out of control and caused the jeep to flip over and land on top of him. He was travelling at a speed of 25 miles per hour at the time of the accident. He does not recall whether he was conscious or unconscious, but remembers getting into the ambulance. He was taken to the emergency room of West Jefferson Hospital and placed in intensive care where he remained for four days, and was treated as an outpatient thereafter.
Plaintiff estimated the size of the potholes as four to six inches deep and well over one foot in diameter. There were no heavy mail sacks in the truck and no obstacles, other than the potholes in the street. He described the street as having an incline of three to four feet. The accident occurred after he had travelled up the incline and had gone about five to ten yards farther where the street had leveled off and become bumpy. Although the jeep was high off the ground, plaintiff claims he was unable to see the potholes until after he descended from the incline.
We note that defendant’s pictures of the accident area introduced in evidence do not disclose an incline. Plaintiff claims it would have to be three dimentional to show in the picture. No other witness mentioned an incline.
The post office investigated the accident and suspended plaintiff after finding him at fault. He was given remedial training, but this is customary after any accident. Plaintiff admitted the mail truck is a top heavy vehicle.
Mr. Paul Sider, a postal service acting supervisor, was called as a plaintiff witness. He received word of the accident when a woman who lives parallel to the street phoned shortly thereafter. He took a camera and photographed the scene. The jeep had struck an automobile before it turned over and the postal service later paid for its repair.
The inspector arrived so soon after the accident that plaintiff was still under the postal vehicle and he saw the police officer assisted by people in the neighborhood pushing the jeep off of the plaintiff. He was unable to find any eyewitnesses.
Mr. Sider described the condition of the street as deplorable. There were constant holes in the street and you could not go 25 miles per hour, which is the speed limit, because it was too bumpy.
The street was 16 feet wide curbline to curbline. The postal vehicle was in the middle of the road and the parked vehicle which it hit was on the right side. The accident occurred in the middle of the block.
Neal Giroir, the investigating police officer, testified for defendant. He described the roadway as two-way, undivided with a gravel surface. At the nearest corner there are stop signs for Second Street at Fried Street. There are no hills or curves, and the roadway is straight and relatively level. He noticed no incline. There were a few bumps and indentations, but none really severe in that area.
Giroir claims he spoke to plaintiff while he was still under the vehicle. He asked him what happened and plaintiff said on reaching the Second Street intersection he swerved to avoid an animal, hit a hole in the roadway and lost control of the vehicle. At the time of the investigation the witness was unaware the jeep had struck another vehicle.
Oscar Franklin Griffith, an associate professor of physics at the University of New Orleans, testified as an expert in physics and accident reconstruction.
He made various calculations, which he described in detail, relative to the vehicle involved, and determined it was at the top-heavy end of the spectrum. This indicates it would be in a side-load situation when turning a curve, or somehow get involved in a side skid; therefore it is more likely to turn over than other vehicles. He also visited the scene of the accident and made calculations based upon the surface, and figured stopping distances to determine the coefficient of friction of the surface as it existed the day he was there. He made *276 measurements of an automobile for a coefficient of friction from a relatively low speed stop to a stop from 25 miles per hour.
He prepared a drawing of measurements made so the layout of the street could be seen, including dimensions relative to the location of the parked car that was allegedly struck by the jeep. The measurements relative to the location of the vehicles at the time of the accident were based upon the pictures taken at the scene on the day of the accident.
The parked automobile which was struck was 245 feet from the corner, and the final location of the jeep was 300 feet from First Street and between 24 and 18 feet from Second Street.
As a result of other tests, which he described in detail, he concluded the spinning of the steering wheel would be highly unlikely to result from striking potholes about one foot in diameter and four to six inches deep.
The professor stated it is highly improbable that the potholes caused the rollover of the vehicle or could have been the dominant cause of the accident.
He considered the top-heavy condition of the vehicle was a substantial contributing factor to its rollover, and this, combined with the fact that plaintiff was probably speeding, was the cause of the accident.
The court was particularly impressed with the expert testimony, concluding these findings are clearly supportive of defendant’s assertion that plaintiffs speeding and inattentiveness caused him to strike a parked vehicle and overturn thereafter.
In this court appellant contends the trial court erred:
1. in concluding there were no potholes on Fried Street;
2. in concluding appellant was speeding;
3. in finding the road conditions were not the principal cause of the accident;
4. in failing to find the City of Gretna guilty of negligence;
5. in finding plaintiffs conduct constituted victim fault; and
6. in failing to award plaintiff damages as a result of defendant’s negligence and/or strict liability.
Relative to appellant’s first three contentions, plaintiff introduced nine pictures taken at the scene of the accident on the day of the accident. Most of the pictures show the vehicle which plaintiff struck and the damage thereto, prior to the time the jeep turned over. Only one of plaintiff pictures shows potholes in the street, and while they are fairly numerous, they do not appear to be of such size as to cause a driver to lose control of his vehicle if he is travel-ling at a reasonable rate of speed.
Defendant’s expert witness concluded that if plaintiff vehicle overturned it must have been speeding, and the trial court arrived at the same conclusion. Plaintiff claims there is no evidence of speeding in the record.
The only evidence as to plaintiff’s speed was that given by plaintiff himself. He claims he was travelling about 25 miles per hour, which is the speed limit.
Pictures indicate the shell and/or gravel roadway is a narrow one when cars are parked on the side as they were on the day of the accident. The road appears to be a little travelled one in the back of houses fronting on another street and in an area of large storage tanks. There is also a ditch at the side of the road. While plaintiff may not have been exceeding the speed limit, considering the area and the roadway the court could properly conclude, as did Mr. Sider, plaintiff's own witness, that the condition of the road was such that you could not traverse it safely at 25 miles per hour.
The pictures indicate the potholes are such that they could easily be seen by a careful driver. They do not appear to be of such significance to cause a driver, travel-ling at a reasonable rate of speed, to lose control of his own vehicle, strike a parked car, travel some distance down the road, and turn over.
*277 As to the fourth and sixth contentions, appellant claims he is entitled to an award on the basis of negligence and/or strict liability on the part of the City of Gretna. Since the trial court found (and we agree) there was no negligence on the part of the City, we address plaintiff’s claim for recovery on the basis of strict liability under C.C. art. 2317.
Under the provisions of this article the plaintiff must show (1) that the thing which caused the damage was in the care and custody of defendant; (2) that it had a vice or defect, that is, some condition which occasioned an unreasonable risk of injury; and (3) that the injury was caused by the defect. See Jones v. City of Baton Rouge, Etc., 388 So.2d 737 (La.1980); Payne v. Louisiana Dept. of Transp., Etc., 424 So.2d 324 (La.App. 1st Cir.1982); Everett v. Louisiana Dept. of Transp., Etc., 424 So.2d 336 (La.App. 1st Cir.1982).
Appellant has not shown by a preponderance of the evidence that the alleged vice (i.e. potholes) occasioned an unreasonable risk or that plaintiff’s injury was caused by that defect.
We reject appellant’s fifth contention and agree with the trial judge that plaintiff’s own conduct constituted a victim fault, as opposed to any alleged defect in the roadway.
For the reasons assigned, the judgment appealed from is affirmed. All costs in both courts are to be paid by plaintiff-appellant.
AFFIRMED.

. The Parish of Jefferson had been named an original defendant but was later dismissed by plaintiff, and a third-party demand made by the City against its liability insurer Commercial Union Insurance Company was severed from the main demand.