FORET, Judge.
This is a tort suit filed by Bernard Sampson against the State of Louisiana, through the Department of Transportation and Development, Office of Highways (Department), for damages he incurred when a tree struck his ear. The sole issue on appeal is whether the trial court was clearly wrong in finding that the tree that fell on Mr. Sampson’s car was in the custody of the Department.
On April 7, 1981, Sampson was driving his 1970 Ford Mustang in a northerly direction on Louisiana Highway 1 near Marksville, Louisiana. Traveling with him were his wife, two children, and mother. Suddenly, a rotten tree fell across the highway and struck Mr. Sampson’s ear before he could take evasive action.
Because of the accident, Mr. Sampson injured his right knee, left wrist, and lower back. Also, his car was slightly damaged. Suit was filed against the Department on February 19, 1982, alleging that the tree that had caused the accident was in the custody of the Department.
After a trial on the merits, the court rendered judgment in favor of Mr. Sampson, granting him $896.14 in special damages and $5,000 in general damages. The Department has appealed only the court’s finding as to liability, therefore the lower court’s award of damages is not at issue on appeal.
It is clear from the Louisiana Civil Code [1] and jurisprudence[2] that the Depart *999 ment will be held strictly liable if it can be proved that the tree that struck Mr. Sampson’s ear was in its custody. Since the Department has not argued any of the defenses to strict liability[3], we need only determine if the trial court’s finding of fact as to the custody of the tree was clearly wrong.
A review of the record shows that the trial court was not clearly wrong. The State of Louisiana’s right-of-way extends thirty feet from the center line of the highway. The distance between the center line and the shoulder of the road was twelve feet. Thus, from the shoulder of the road, the right-of-way extends eighteen feet. Both Mr. and Mrs. Sampson testified that the stump of the tree that fell on their car was located five to six feet from the shoulder of the road. That would clearly place the tree within the State’s right-of-way and therefore within the custody of the Department.
The Department’s only witness was one Edward Causey, who is employed by the Department as an insurance claims adjuster. Causey took photographs of the scene of the accident in January of 1982. Neither Causey’s testimony nor his photographs adequately rebutted Mr. and Mrs. Sampson’s version of what happened.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against defendant-appellant, State of Louisiana, through the Department of Transportation and Development, Office of Highways.
AFFIRMED.

. LSA-C.C.Art. 2317 provides:
"Art. 2317. Acts of others and of things in custody
*999 Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody_”

. See Loescher v. Parr, 324 So.2d 441 (La.1975).

. The defenses of strict liability are victim fault, act of God, and fault of a third party. Loescher v. Parr, supra.