DOMENGEAUX, Judge.
This appeal arises following the trial court’s decision in favor of the defendants and dismissing plaintiff’s suit at his costs. The plaintiff, Mr. Barnett, had sued to recover damages occasioned when a portion of a dead tree fell on his 1974 Cadillac parked on the house trailer lot leased by him from defendant Duraso, d/b/a Lang-ton’s Landing. The trailer park and landing are owned by defendant Langton and are located near Toledo Bend Lake in Sabine Parish.
The facts necessary to our decision in this case are undisputed. During the summer of 1983, plaintiff noticed a tree on his leased premises had died and so informed defendant Duraso, the manager at the trailer park and landing. Mr. Duraso then contacted Valley Electric Company and arranged for them to cut down the dead trees in the trailer park and landing. Valley Electric removed several of the dead trees on the premises, but did not cut down the tree on plaintiff’s trailer lot. Valley Electric merely trimmed the tree in question and left a substantial part of it standing.
Thereafter, and during the night of November 24, 1984, a portion of the tree broke off during a storm and fell on plaintiff’s automobile, which was parked near the base of the tree and near the front of plaintiff’s trailer. The storm which struck the trailer park was a violent one, rocking or shaking plaintiff’s trailer, felling several trees on the premises, at least one of which was a live, green tree which fell on defendant Duraso’s boathouse, and damaging electrical transmission lines to the extent that electrical service to the landing and trailer park was terminated for a time.
The alleged liability of the defendants for plaintiff’s damages is the strict liability of lessors and owners for damages from defects on their premises. La.C.C. Art. 2317. Thus, in order to recover, plaintiff must show that the tree in question was in the custody of the defendants at the time of this incident, that it was defective, and that the defect was the cause in fact of the accident. Loescher v. Parr, 324 So.2d 441 (La.1975). There are three commonly recognized defenses to a strict liability action, which are: victim fault; fault of a third party; and, irresistible force or Act of God. Loescher v. Parr, supra; Sampson v. State of Louisiana, 446 So.2d 998 (La.App. 3rd Cir.1984).
The case was tried below before the judge. Although the court found that the tree which caused the plaintiff-appellant’s damages was indeed defective, the judge further decided that all three of the defenses to strict liability were applicable, and so dismissed the plaintiff’s case at his costs. From this adverse judgment the plaintiff has appealed citing five assignments of error.[1] Because we find that the evidence *677 supports the trial court’s conclusion that an Act of God was the intervening and superseding cause of the plaintiff’s damages, we will not address the other four assignments of error.
Our standard of review is dictated by Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), and its progeny. If there is a reasonable factual basis for the trial court’s findings and if those findings are not clearly wrong, then we are obliged to affirm the lower court’s determination of factual issues. Further, the trial court’s findings are not manifestly erroneous or clearly wrong simply because we may feel that our own factual evaluations and inferences are as reasonable. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, supra.
During the trial of this case, the plaintiff testified that the cloudburst on the night of November 24, 1983, brought winds which he estimated to be from 35 to 40 miles per hour. The force of the storm was sufficient to shake the plaintiff’s trailer and awaken him in the early hours of the morning. Further testimony revealed that the wind not only leveled the defective tree, but that it also razed at least one live pine.
The trial judge concluded that:
“[g]iven the fact that the storm which occurred the night the tree fell on plaintiff’s automobile had sufficient force to blow down a green, live tree, it must be conceded that an irresistible force or Act of God is a valid defense in this case.”
We can find neither lack of factual foundation nor clear error in this conclusion. Therefore, the appellant’s assignment challenging the trial court’s decision in favor of the Act of God defense is without error, and the judgment dismissing plaintiff’s suit must be affirmed.
For the above and foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are to be borne by the appellant.

AFFIRMED.

. The appellant has styled five assignments of error as follows:
SPECIFICATIONS OF ERROR
1. The trial court erred as a matter of law, in requiring the plaintiff in this, a strict liability case, to prove that the damage to his automo *677 bile resulted from fault on the part of either defendant.
2. The trial court erred in its legal conclusion that the damage sustained by the plaintiff was the fault of a third party.
a. The defendants failed to show any contract which gave rise to a duty on the part of any third party to cut the tree in question.
b. Even asssuming the negligence of a third party, said negligence was superceded by the omission of the defendant to correct the unreasonably dangerous conditions left by the negligent third party.
3. The trial court erred in its apparent factual conclusion that the plaintiff was a compensated employee of the landing and thereby charged with a duty to see that the tree in question was cut.
4. The trial court erred in holding that the plaintiff was at fault for parking his car under the tree in question, since the doctrine of assumption of risk is clearly inapplicable to the facts of the case at bar.
5. The trial court erred in its conclusion that the damage was caused by an Act of God where the defendant, Duraso, was aware of the fact that the tree in question was rotted and capable of falling in less than gale force winds.