618 So.2d 982 (1993)
Hoyt L. BOYD
v.
WASHINGTON-ST. TAMMANY ELECTRIC COOPERATIVE, et al.
No. 92 CA 0615.
Court of Appeal of Louisiana, First Circuit.
April 23, 1993.
Rehearing Denied June 16, 1993.
*983 John Gallaspy, Bogalusa, for plaintiff-appellant Hoyt L. Boyd, Jr.
James R. Leonard, Lafayette, for defendant-appellee.
Before CARTER, LeBLANC and PITCHER, JJ.
PITCHER, Judge.
Plaintiff, Hoyt L. Boyd, the owner of the Angie Value Food Store, filed suit against defendant, Washington-St. Tammany Electric Cooperative, ("Co-Op"), for the loss of food items and damages to refrigeration equipment in his store. Plaintiff alleged that the damages he sustained resulted from a power outage caused by defendant's allegedly defective or malfunctioning transformer. The trial judge, after trial on the merits, entered judgment for the defendant, and plaintiff filed this appeal. We affirm.

FACTS
On Sunday, May 21, 1989, at approximately 7:45 a.m., Larry King, the Assistant Manager of the Angie Value Store, arrived at the store to open for business. Upon entering the store he discovered all of the cooling equipment running hot, the central air conditioning unit functioning improperly, and the lights in the store flickering. He checked the breaker switch to see if electricity could be restored, and when it could not, he called Maxie Daniel Boone, an electrician, for assistance. King testified at the trial that when he closed the store the night before around 8:30 p.m., all of the cooling equipment was functioning properly.
Maxie Boone testified that after he arrived at the store, he made a thorough inspection of the electrical panels in the equipment room and then went outside to take a look at the transformer and the power connections to the building. They appeared to be okay. When asked what was the source of the problem, he concluded that it was the external power supply leading into the store, which pertained to the Co-Op.
Evidence was adduced at the trial of what is referred to as a three-phase protector which can be installed at each cooling unit and at the main breaker box in the store which would have protected the cooling equipment from the type of power problems suffered here. Plaintiff testified that he did not have this three-phase protector *984 installed in his store, and he was unaware of its availability.
In their case in chief, Co-Op called Steven Michael Tullos, a staking engineer who is in their employ. He testified that he was dispatched to an area near the Angie True Value Store to determine what was the cause of the electrical problem at the store. He stated that he discovered that the transformer and fuse were blown. He replaced the fuse, and the new fuse blew out. He then called for a new transformer because he felt that the one in question was bad.
The defendant next called Robert Benson Taylor, who is employed as a dispatcher for the Co-Op. He testified that as part of his duties, he was required to note outage reports and he did so in connection with the Angie True Value Store. When asked about what he noted as the cause for the outage in question, he stated he noted that the weather was bad that night.
Danny Caples, an electrical engineer and an employee of the defendant, was qualified as an expert. He testified that the failure of an electrical transformer is caused by either an excessive load, lightning, or an internal problem. He stated that if the transformer had an internal problem, it would be immediately apparent when the transformer was originally installed, since it would have failed to function properly. He testified that there was no excessive electrical load on the transformer which could have caused it to malfunction. He opined that the cause for failure was lightning.
Bennie Glynn Farmer, a member of defendant's board of directors at that time, and an early morning shopper on the morning of the power outage, as well as Larry King testified that they both live in the area of the store and were not aware of any bad weather the night before the incident at the store.
The trial judge, after hearing all of the testimony in the case, entered judgment for the defendant. In his written reasons for judgment, he stated that the record supports a finding that the transformer failed because of lightning. Plaintiff appeals from this judgment.
Plaintiff has set forth the following assignments of error for our review:
(1) It was error for the district court to conclude that strict liability is not applicable when damage is caused by the failure of electrical equipment solely within the custody and control of the franchised electric utility company.
(2) It was error for the district court to place upon the injured party, who claims relief under strict liability, the burden of ruling out an act of nature.
(3) It was error on the part of the district court to conclude that no duty is owed by the utility company to this commercial customer to inform the customer of the availability of three-phase protectors which are designed to protect against the type of outage involved here.
(4) Where safe results cannot be obtained from the use of the manufacturer and/or suppliers product without the installation of a protective device, and where the supplier has knowledge of the need for this device, it was error on the part of the district court to conclude that the supplier was under no duty to warn or caution the consumer as to the need for the protective device.

STRICT LIABILITY
Plaintiff contends that the theory of strict liability is applicable when damage is caused by the failure of electrical equipment that is solely within the custody and control of the utility company.
Louisiana Civil Code Art. 2317 states:
We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
One may recover on the basis of strict liability under LSA-C.C. art. 2317 by showing (1) that the thing which caused the damage was in the care or custody of the defendant, (2) that it had a vice or defect, that is, some condition which occasioned an unreasonable risk or injury, and (3) that the injury was caused by the defect. Jones v. *985 City of Baton RougeParish of East Baton Rouge, 388 So.2d 737, 739 (La.1980); Everett v. Louisiana Dept. of Transportation and Development, 424 So.2d 336, 339 (La.App. 1st Cir.1982).
In the instant case, plaintiff met the first requirement under LSA-C.C. art. 2317, in that the damages were caused by defendant's transformer, and the transformer was in the custody and care of defendant. However, the trial judge, in his written reasons for judgment, ruled out the presence of a vice or defect in the transformer. The trial judge concluded that:
The evidence indicates that the electricity stopped when the transformer blew most probably as a result of surge from a source outside the system, lightning, and not as a result of a vice or defect in the defendant's equipment. Therefore, this court must deny recovery under the theory of strict liability.
Our standard of review is dictated by Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), and its progeny. When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb the factual finding in the absence of manifest error.
During the trial there was one witness who testified that there was bad weather that night. Two witnesses testified to the contrary. The trial judge resolved the issue of whether the weather was a factor in favor of the defendant. He relied very heavily upon the testimony of Danny Caples, defendant's expert, and tracked much of Caples' testimony in his written reasons for judgment. We cannot say that the trial court's findings were clearly wrong or manifestly erroneous.

DEFENSES TO STRICT LIABILITY
There are three commonly recognized defenses to a strict liability action: victim fault; fault of a third party; and, irresistible force or act of God. Loescher v. Parr, 324 So.2d 441 (La.1975); Sampson v. State Through Dept. of Transp. and Development, Office of Highways, 446 So.2d 998 (La.App. 3rd Cir.1984). A finding that an act of God was the intervening and superseding cause of damages sustained by plaintiff precludes recovery in a strict liability action. Barnett v. Duraso, 479 So.2d 675 (La.App. 3rd Cir.1985).
The trial judge found that the damages incurred in the instant case were the result of an act of God and/or act of nature (in the form of lightning). Such a finding precludes recovery under the theory of strict liability. We therefore find that plaintiff's assignments of error numbers one and two are without merit.

NEGLIGENCE
Plaintiff contends that there was a duty owed by defendant to inform plaintiff of the availability of three-phase protectors which are designed to protect against the type of outage here; and to warn plaintiff that safe results could not be achieved without such protectors.
Plaintiff argues that the Co-Op should have told him of the availability of three-phase protectors. These protectors cut off the electricity when the incoming voltage is low, and by doing so, the lower voltage is not transmitted to an electric motor. A low volume of electricity will cause the motor to overheat and possibly burn out. This phenomenon is known within the industry as single-phasing.
To determine whether tort liability exists, the Louisiana Supreme Court has adopted a duty-risk analysis. Dixie Drive It Yourself System New Orleans Company v. American Beverage Company, 242 La. 471, 137 So.2d 298 (La.1962). An affirmative answer is required to the following inquiries: (1) Was the defendant's conduct a cause-in-fact of the plaintiff's damages? (2) What, if any, was the duty owed by the defendant to the plaintiff? (3) Was there a breach of this duty? and (4) Was the risk, and the harm caused within the scope of the protection afforded by this duty? Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406 (La.1976). See also Hartford Acc. and Indem. v. Illinois *986 Cent., 598 So.2d 1107 (La.App. 4th Cir. 1992).
In the instant case, defendant Co-Op has a duty to provide electricity, but it is not a violation of that duty if an outage occurred due to conditions outside of the normal and reasonable care of the Co-Op, and the difficulty was unforeseen or unanticipated. Schulze v. Louisiana Power & Light Company, 551 So.2d 22 (La.App. 4th Cir.1989).
As we have discussed herein, the utility company is under a duty to use reasonable care in the installation, operation, and maintenance of their electric lines. The facts in this case do not indicate that defendant breached this duty. In fact, as we discussed earlier, once the defendant became aware of the problem, it sent its employees out to correct the situation.
The trial court found that the defendant was under no duty to inform its customers of the availability of the 3-phase protectors and that defendant was under no duty to install the protectors. The court also found that if defendant had such a duty, then it would have a similar duty to all of its customers. We agree and find no error. With the vastly different needs of each customer, the duty of an electric company to warn of every possible type of condition would be insurmountable. Hines v. Dixie Electric Membership Corporation, 391 So.2d 1203 (La.App. 1st Cir.1980).
Again, we do not find the trial court to be clearly erroneous in resolving the negligence issues presented in this case. We therefore find assignments of error numbers three and four to be without merit.
Accordingly, we affirm the trial court's judgment in favor of the defendant and reject plaintiff's contentions.
All costs of this appeal are assessed against the appellant, Hoyt L. Boyd, Jr.
AFFIRMED.
CARTER, J., dissents and assigns reasons.
CARTER, Judge, dissenting.
I disagree with the majority opinion. I strongly believe that strict liability under LSA-C.C. art. 2317 should apply in the instant case. The evidence did not establish that the power surge in the transformer was caused by an outside source, namely lightning. The evidence reveals that the surge of electricity would not have occurred except for the fact that the transformer did not operate properly. As a result, I believe that the plaintiff established that the transformer was defective, that the defective transformer was within the exclusive control of defendant, and that the defective condition of the transformer caused plaintiff's injuries. Therefore, defendant is liable to the plaintiff under LSA-C.C. art. 2317, and plaintiff should be able to recover the full extent of his damages.